IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| NICHOLAS GUASTO, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br>v.<br><br>PROPEL HOLDINGS, INC. D/B/A CREDITFRESH<br><br>Defendant. | Case No. |

NOTICE OF REMOVAL OF
PROPEL HOLDINGS INC.

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Propel Holdings Inc. ("Propel"), by and through its counsel, hereby gives notice of removal of this action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida:

I.   FACTUAL BACKGROUND

1. On or about March 17, 2022, Plaintiff Nicholas Guasto ("Plaintiff") filed a Complaint in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida captioned *Guasto v. Propel Holdings, Inc. d/b/a CreditFresh*, Case No. CACE-22-004034. A copy of the Complaint is attached hereto as Exhibit 1.[1]  Plaintiff purports to have served the

---

[1] The Complaint incorrectly alleges that Propel is doing business as CreditFresh. *See* Compl. (Ex. 1) at 1. Propel is a separate corporate entity from any CreditFresh entity and is not doing business as CreditFresh, and it reserves all rights in that regard, including, without limitation, the right to assert that Plaintiff did not effectuate service on Propel, that there is no personal jurisdiction over Propel, and that Plaintiff lacks standing to sue Propel.

Complaint on Propel on April 14, 2022, although Plaintiff has not yet actually effectuated proper service on Propel.

2.   Plaintiff alleges that he is a "citizen and resident of Broward County, Florida." Compl. (Ex. 1) ¶ 14.

3.   Plaintiff alleges that Propel is "a Delaware corporation with its principal place of business in Newark, [Delaware]." *Id.* ¶ 15.  In fact, however, Propel is an Ontario corporation with its principal place of business in Toronto, Ontario, Canada.

4.   The allegations in the Complaint arise out of an alleged "Data Breach Incident" that Plaintiff alleges took place "on or around February or March 2022." *Id.* ¶¶ 5-6.  Plaintiff alleges that Propel "provides consumer lines of credit," *id.* ¶ 2, and that in the process of applying for such lines of credit, Plaintiff and the members of the proposed class "entrusted and provided to Defendant" certain personally identifiable information ("PII"). *See id.* ¶ 3.  The Complaint alleges that during the Data Breach Incident, the PII of Plaintiff and members of the proposed class "was compromised due to Defendant's negligent and/or careless acts and omissions and the failure to protect Plaintiff's and the Class member's PII." *Id.* ¶ 8.

5.   Plaintiff seeks to represent a proposed class of "[a]ll persons whose PII was accessed and/or exfiltrated during the Data Breach Incident." *See id.* ¶ 49.  Plaintiff purports to state claims for negligence and breach of fiduciary duty on behalf of himself and the proposed class. *See id.* ¶¶ 59-101.

## II.   GROUNDS FOR REMOVAL

6.   This case is removable, and this Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, and 1453, because (1) this case is a putative class action with more than 100 members in the proposed class, (2) there is minimal diversity because Propel and at least one member of the proposed class are citizens of

different states and/or foreign countries and (3) the Complaint places in controversy an amount that exceeds $5 million in the aggregate.

### A.   The Proposed Class Readily Exceeds 100 Members

7. For purposes of removal, CAFA requires that the proposed class consist of at least 100 members. *See* 28 U.S.C. § 1332(d)(5). Plaintiff defines the proposed class as "[a]ll persons whose PII was accessed and/or exfiltrated during the Data Breach Incident." Compl. (Ex. 1) ¶ 49. Plaintiff further alleges that such persons provided PII to Propel during the application process to obtain lines of credit. *See id.* ¶ 20.

8. On information and belief, and for purposes of removal, the proposed class of persons described in the Complaint includes more than 100 persons who may have been impacted by the alleged Data Breach Incident. *See also* disc. *infra* at ¶ 15. Accordingly, the requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

### B.   There Is Clearly Minimal Diversity Among the Parties

9. For purposes of establishing federal jurisdiction, CAFA requires only minimal diversity, and a defendant need only show that "any member of a class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A), or that "any member of a class of plaintiffs is citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(C).

10. According to the Complaint, Plaintiff alleges that he is a "citizen and resident of Broward County, Florida." Compl. (Ex. 1) ¶ 14. Accordingly, Plaintiff is a citizen of Florida for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1). In addition, Plaintiff seeks to represent a class that, on information and belief, includes citizens of Florida and other U.S. states. Compl. (Ex. 1) ¶ 49.

11.     Plaintiff alleges that Propel is a Delaware corporation with its principal place of business in Delaware.  *See* Compl. (Ex. 1) ¶ 15.  As alleged, Propel is thus a citizen of the State of Delaware for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).  In fact, however, Propel is an Ontario corporation with its principal place of business in Toronto, Ontario, Canada.  Propel is therefore a citizen of Ontario, Canada for purposes of diversity jurisdiction.  *See id.*

12.     Diversity of citizenship thus exists between Plaintiff and Propel or, alternatively, between at least one other member of the proposed class and Propel, and removal is proper.  *See* 28 U.S.C. § 1332(d)(2)(A).

### C.    The Amount In Controversy Exceeds $5 Million

13.     CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs."  28 U.S.C. § 1332(d)(6).  Unlike in other removal actions, there is "no antiremoval presumption" in cases invoking CAFA.  *Dudley v. Eli Lily and Co.*, 778 F.3d 909, 912 (11th Cir. 2014).  Where a complaint does not state a dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  The pertinent question is "what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover," and the amount in controversy is inclusive of injunctive and declaratory relief.  *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 924 (11th Cir. 2019).  The value of injunctive relief is measured by the "monetary value of the benefit that would flow to the plaintiff if the injunction were granted."  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000).

14.     Plaintiff does not expressly plead his damages, but he does allege that the "aggregate damages sustained by the Class are in the millions of dollars."  *See* Compl. (Ex. 1) ¶

4

57. The Complaint also alleges that members of the proposed class obtained lines of credit ranging from $500 to $5,000. *See* Compl. (Ex. 1) ¶ 2. The Complaint further alleges that the Data Breach Incident caused extensive financial harm to members of the proposed class, including damages caused by the theft of PII, costs associated with the detection and prevention of identity theft, costs associated with time spent attempting to mitigate the consequences of the Data Breach Incident, invasion of privacy, injury resulting from any fraud and identity theft posed by the Data Breach Incident, and diminution in the value of their personal data entrusted to Propel. *See id.* ¶ 12. The Complaint also seeks "restitution as result of Defendant's wrongful conduct." *Id.* ¶ 53.

15. If only the amounts available to Plaintiff and members of the proposed class through the alleged lines of credit were at issue, and conservatively assuming that each line of credit is only $500 (i.e., the low end of the alleged $500 to $5,000 range), the proposed class would need to consist of at least 10,000 members. On information and belief, the proposed class here likely consists of at least 10,000 members. The myriad other damages that Plaintiff alleges, as set forth above, only add to the amount in controversy. *See, e.g.*, *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1258 (11th Cir. 2021) (affirming approval of data breach settlement that, *inter alia*, offered claimants thousands of dollars in documented, out-of-pocket losses and up to $500 in compensation for time spent taking preventative measures or dealing with alleged identity theft), *cert. denied sub nom. Huang v. Spector*, 142 S. Ct. 431, 211 L. Ed. 2d 254 (2021), *and cert. denied sub nom. Watkins v. Spector*, 142 S. Ct. 765, 211 L. Ed. 2d 479 (2022). Thus, on the face of the Complaint, it is plausible that the amount in controversy exceeds $5 million, even before considering Plaintiff's requested injunctive relief.

16.Plaintiff further seeks extensive injunctive relief consisting of sixteen distinct demands, including requiring Propel to "implement and maintain a comprehensive Information Security Program"; "engage independent third-party security auditors/penetration testers as well as internal security personnel to conduct testing"; and "for a period of 10 years, appoint[] a qualified an independent third party assessor to conduct attestation on an annual basis to evaluate Defendant's compliance with the terms of the Court's final judgment." *See* Compl. (Ex. 1) at 19-20. Plaintiff alleges that injunctive relief will provide substantial financial benefit to the Plaintiff and Class Members because of the "continued risk to their PII, which remains in the possession Defendant, and which is subject to further breaches so long as defendant fails to undertake the appropriate measures to protect Plaintiff's and Class members PII . . . ." *Id.* ¶ 12.

17.Propel denies any and all liability and contends that Plaintiff's allegations are entirely without merit. For purposes of this Notice of Removal, however, taking Plaintiff's factual and legal allegations as true, the amount-in-controversy exceeds $5,000,000, exclusive of interest and costs, and satisfies the amount-in-controversy requirement of CAFA. *See* 28 U.S.C. § 1332(d)(2).[2]

### III.COMPLIANCE WITH THE REMOVAL STATUTE

18.This notice of removal was properly filed in the United States District Court for the Southern District of Florida because the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida is located in this federal judicial district and division. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 90(c).

---

[2] Should Plaintiff challenge the amount in controversy in a motion to remand, Propel reserves the right to further substantiate that the amount in controversy is met.

19. This notice of removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

20. The Complaint was filed on March 17, 2022, and Plaintiff has not yet actually served Propel. Although Plaintiff purports to have served the Complaint on Propel on April 14, 2022, this notice of removal is still timely filed in accordance with 28 U.S.C. § 1446(b), as it is filed within 30 days of April 14, 2022.

21. Pursuant to 28 U.S.C. § 1446(d), true and correct copies of the Complaint and Summons are attached as Exhibit 1. A true and correct copy of the docket, all process, pleadings, orders, and other documents purported to be served upon Propel, exclusive of the Complaint and Summons, is attached hereto as Exhibit 2. Propel has not filed an answer or other response to the Complaint in the 17th Judicial Circuit in and for Broward County, Florida prior to removal.

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being served on Plaintiff's counsel, and a copy, along with a notice of filing of the notice of removal, is being filed with the Clerk of the 17th Judicial Circuit in and for Broward County, Florida.

23. Propel reserves the right to amend or supplement this Notice of Removal. Propel further reserves all rights and defenses, including those available under the Federal Rule of Civil Procedure and including all rights to move to compel arbitration, to enforce a class waiver provision, and to move to dismiss for improper service, lack of personal jurisdiction, and lack of standing. By filing this Notice of Removal, Propel does not waive any defenses, including any defenses available to it under Federal Rule of Civil Procedure 12(b). *See Kostelac v. Allianz Global*, 517 Fed.Appx. 670, 676 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses,") (citation omitted).

## IV.  CONCLUSION

24. Propel respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the 17th Judicial Circuit in and for Broward County, Florida.

Dated:  May 6, 2022

Respectfully submitted,

/s/ *Martin B. Goldberg*
Martin B. Goldberg
Florida Bar No. 827029
LASH & GOLDBERG LLP
Miami Tower
100 SE 2nd Street, Suite 1200
Miami, FL 33131-2158
Phone: (305) 347-4040
Fax: (305) 347-3050
mgoldberg@lashgoldberg.com

Robert C. Collins III (*pro hac vice* forthcoming)
Gabriel Slater (*pro hac vice* forthcoming)
robert.collins@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

*Attorneys for Propel Holdings Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and further certify that the foregoing is also being served via electronic mail as addressed below.

>Manuel S. Hiraldo, Esq.
>Florida Bar No. 030380
>401 E. Las Olas Boulevard
>Suite 1400
>Ft. Lauderdale, Florida 33301
>Email: mhiraldo@hiraldolaw.com
>Telephone: 954.400.4713
>*Counsel for Plaintiff*

Dated:  May 6, 2022

>By: /s/ *Martin B. Goldberg*
>Martin B. Goldberg
>
>*Attorney for Propel Holdings Inc.*